IN THE MATTER OF MARC A. SHAFIR, AN
ATTORNEY-AT-LAW.

February 15, 1983.

*John L. Schantz* argued the cause for the District VIII Ethics Committee.

*Richard D. Shapiro* argued the cause for the respondent.

## ORDER

The Disciplinary Review Board having filed a report recommending that MARC A. SHAFIR of EDISON be publicly reprimanded for his conduct in violation of *DR.* 1–102(A)(4) and *DR.* 1–102(A)(5) and the Court having reviewed the record,

And the Disciplinary Review Board having further recommended that respondent be required to reimburse the Administrative Office of the Courts for appropriate administrative costs, including production of transcripts, and good cause appearing;

It is ORDERED that the report of the Disciplinary Review Board is hereby adopted and that MARC A. SHAFIR be and hereby is publicly reprimanded for his violation of *DR.* 1–102(A)(4) and *DR.* 1–102(A)(5); and it is further

ORDERED that the Decision and Recommendation of the Disciplinary Review Board, together with this order and full

record of this matter, be added as a permanent part of the file of said MARC A. SHAFIR as an attorney at law of the State of New Jersey; and it is further

ORDERED that MARC A. SHAFIR reimburse the Administrative Office of the Court for appropriate administrative costs, including production of transcripts.

Decision and Recommendation of the Disciplinary
Review Board

To the Honorable Chief Justice and Associate Justices of the Supreme Court of New Jersey:

This matter is before the Board based upon a presentment filed by the District VIII Ethics Committee which finds improprieties by the respondent while acting as an Assistant Prosecutor for Essex County.

The respondent began employment with the Essex County Prosecutor's Office in February of 1974 as a law clerk. In February of 1976, 3 months after his admission to practice law in this State, he was appointed an Assistant Essex County Prosecutor, and served in that capacity until July of 1978. He was appointed to the position of Assistant Middlesex County Prosecutor in August of 1978. He resigned that position on January 15, 1979 as a result of this pending ethics complaint.

While employed by Essex County, the respondent handled a large number of cases, many of which were concluded by negotiated plea bargaining. Where a plea was negotiated and sentencing recommendations were made by the Prosecutor's Office, a form captioned "Request to Recommend Disposition" or "Request to Recommend Sentence" was required. The form contained information concerning the terms of the plea bargain as well as the reason for the requested sentence. Additionally, the signature of the Assistant Prosecutor handling the case as well as that of the approving supervisor was required. Respondent, in a number of cases, placed the signature of the supervising attorney on these forms. As justification for this action, respondent testified before the District VIII Ethics Committee that he

either had explicit permission to sign the names of the supervising attorney's name, or that his authority to sign was implicit and a common practice in the Prosecutor's Office during his employment. His assertion was not supported by any testimonial or documentary evidence. Indeed, the supervising attorneys in question denied the practice as well as that they ever gave permission for respondent to sign their names. The Committee therefore determined that respondent was neither implicitly nor explicitly authorized to sign the names of his supervising attorneys. The Committee also found that the respondent was not, however, motivated by personal gain but only by a desire to move cases on his trial list.

In addition, in June of 1978, the respondent directed a letter to the Union County Prosecutor's Office concerning the plea bargain of Pierce Miller, who had charges pending in both Essex and Union Counties. Within that letter, respondent stated that the defendant, Miller, had been convicted of armed robbery in Essex County, pleaded guilty to an additional accusation and two indictments, all involving armed robbery, and that two remaining indictments would be dismissed. In actuality, Miller was never tried and convicted, although he did plead guilty to several charges. Thus, his possible sentence exposure was considerably less than was represented by respondent by claiming the nonexistent conviction. The Committee found that respondent misrepresented the facts to the Union County Prosecutor's Office in violation of DR. 1–102(A)(4).

At hearing before the Board, the respondent indicated that he had misunderstood the purpose of the "Request to Recommend Disposition" form, and thought it was intended for internal record purposes and believed that he had explicit or implicit authority to sign his supervisor's name. As for the letter to Union County, respondent stated that he acted out of concern that defendant Miller's plea might be "ruffled" by the Union County Prosecutor's Office. He stated frankly to the Board that he does not now believe that this concern justified his actions.

## CONCLUSION AND RECOMMENDATION

Upon a review of the full record, the Board is satisfied that the conclusions of the Committee in finding unethical conduct on the part of the respondent, are fully supported by clear and convincing evidence. The respondent engaged in conduct involving misrepresentation. $DR.$ 1–102(A)(4). His conduct was further prejudicial to the administration of justice. $DR.$ 1–102(A)(5). The Board notes that the pleas reflected in the "Request to Recommend Disposition" forms were all valid pleas, and that the validity was not compromised by the questionable signatures. The concern of the Board rests with the respondent's letter to the Union County Prosecutor, wherein he made serious factual misrepresentations which were intended to mislead that office. While the Board understands the respondent's concerns, it finds absolutely no justification for his actions. However, in deciding what recommendation to make to the Supreme Court, the Board has considered the respondent's previously unblemished record and years of dedicated service in the military and federal and state law enforcement agencies, as well as his voluntary withdrawal from the practice of law following the filing of the instant ethics complaint in January of 1979 and subsequent refusal of numerous offers of legal employment. The Board is further convinced that respondent has fully realized the error of his actions, has atoned for those actions, and is unlikely to again make the same mistakes. The Board therefore recommends that the respondent be publicly reprimanded. The Board further recommends that respondent be required to reimburse the Administrative Office of the Courts for appropriate administrative costs, including production of transcripts.

DISCIPLINARY REVIEW BOARD

By: /s/   A. Arthur Davis, 3rd

A. Arthur Davis, 3rd

Chairman

DATED: December 15, 1982